DOLORES VEGA RODRÍGUEZ ET AL., Plaintiffs and Appellees, *v.* JUAN GARCÍA ET AL., Defendants and Appellants.

No. 8570. Argued November 16, 1942.—Dec'ded November 30, 1942.

*A. J. Amadeo* for appellant.  *José C. Jusino* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

For a second time we are asked to dismiss the appeal taken in this case. *Vega* v. *García,* 60 P.R.R. 705.

■ Three reasons, which we will examine in the order in which they are presented, are adduced. The first is the infringement of §42 of the Rules of this court. It is true that since the transcript of the evidence was filed on July 10, 1942, the brief should have been submitted ten days afterwards, that is, on July 20, although it was not filed until September 10, but it is also true that during that period the first motion of dismissal filed by appellee was pending, and that after the second motion was filed and a hearing set for November 16, the brief was filed more than a month prior to that date. All these circumstances may be taken, as they are taken, into consideration to excuse the appellant from strict compliance with the provisions of the rule.

■ The second reason is that the appeal is frivolous. After reading appellant's brief, we do not think that it can be held that it is clearly frivolous. Therefore, in accordance with the constant practice of this court, the appeal should not be dismissed for such a reason.

■ The third reason is that the appeal was not taken by the succession and that it was not notified to certain members of the succession.

The complaint was filed against "Juan García and Anastasia Acosta, deceased, and their heirs, namely, their children Josefina, Serafina, Julio, Francisco known as Pocholo, and Sixto García, and John Doe and Richard Roe as unknown heirs of the latter." The notification of appeal was made by the attorney for the defendants to Josefina, Serafina, Julio, Francisco, and Sixto García as heirs of Juan García and Anastacia Acosta, without mentioning John Doe and Richard Doe and without there appearing that the latter were notified.

Appellees go only to the extent of saying that the appeal has not been taken in the name of the "Succession."

In the case of *Arvelo et al.* v. *Banco Ter. y Agr. de P. R.*, 25 P.R.R. 677, this court, speaking through Mr. Justice Hernández, said:

"The rights to the succession of a person are transmitted from the moment of his death. Article 657 of the Civil Code of 1899. Succession is granted either by the direction of the man as expressed in a will or, in its absence, by provision of law. Article 658. Heirs succeed the deceased in all his rights and obligations by the mere fact of his death. Article 661. The articles cited are equivalent to sections 665, 666 and 669 of the Revised Civil Code.

"Under our laws a succession has no existence as a juridical person. A succession may be made a party plaintiff or defendant, but it must be particularized or individualized by specifying the names of the persons who compose it. It is not a legal entity independent of the heirs, who constitute it and who should appear as plaintiffs or defendants.

"In disposing of the case of *Dapena* v. *Estate of Dominicci* on February 14, 1907, (12 P.R.R. 64) this court said that where a complaint is brought against an estate, it should designate the name of each of the heirs or give some reason to justify the omission; and in accord with that doctrine this court, in deciding the case of *Orcasitas* v. *Registrar of Property*, 21 P.R.R. 523, expressed itself as follows:

" 'We agree with the registrar that if the citing or summoning of the succession was necessary, the composition of such succession should be made to appear, so that the registrar might determine whether there had been proper process.' "

In this case the adverse judgment entered appears to have been notified only to defendants Josefina, Serafina, Francisco or Julio and Sixto García through their attorney, and it was these defendants who, having been notified as heirs of their parents, with a perfect right to do so took the appeal, for as a matter of fact they were the real defendants, and not the succession which, as an independent juridical person, does not exist.

█ With respect to the fact that the appeal was not notified to the "unknown heirs," there was no need to notify the appeal to them for the reason that said unknown heirs were not adverse parties who might be affected by the appeal.

The motion to dismiss the appeal must be denied.

Mr. Justice Snyder did not participate herein.